Matienzo, Demandante y Apelado, *v.* Cancio et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa sobre reivindicación de finca rústica y daños y perjuicios.

No. 1313.—Resuelto en diciembre 1, 1915.

Testigos—Declaraciones de Testigos Tomadas Sin la Intervención de los Demandados — Convenio de las Partes — Abuso de Discreción — Nueva Apertura del Juicio.—En este caso los abogados de las partes y el juez convinieron en que se trasladarían todos a un sitio determinado para tomar la declaración de un testigo imposibilitado de venir a la corte, habiéndose obligado el abogado del demandante a llevar en su automóvil al de los demandados.   De acuerdo con este convenio, el abogado del demandante fué a casa del de los demandados y habiendo sido informado que éste había salido, procedieron, el juez y dicho abogado del demandante, a tomar la declaración del testigo así como de otro testigo que también fué presentado sin la intervención del abogado de los demandados, quien debidamente formuló objeción y excepción a la forma en que dichas declaraciones fueron tomadas.   *Se resolvió:* que la corte inferior cometió error, pues carecía de facultad para tomar las declaraciones de los referidos testigos sin la intervención de los demandados quienes tenían derecho a estar presentes en todos y cada uno de los períodos del juicio, y que aun si fuera discrecional la corte abusó de esa discreción al no permitir que se abriera de nuevo el juicio.

Reivindicación—Acción Reivindicatoria—Identidad de las Fincas—Descripciones Distintas — Manifestaciones del Agrimensor — Fuerza Probatoria.—Procede erróneamente la corte que, en una acción reivindicatoria, admite

un plano basada en la teoría de haber sido descrita la finca por el deman-
dante como la misma que aparecía en dos descripciones distintas, sin más
datos o informes que las manifestaciones hechas por el agrimensor que lo
hizo.

ID.—Identidad de la Finca—Prueba.—En una acción reivindicatoria en la que
la cuestión de que se trata es la identidad de la finca, incumbe al demandante
probar todas y cada una de las gestiones que ha practicado.

ID.—Plano Hecho por un Agrimensor Basado Solamente en Manifestacio-
nes de Testigos—Citación de Colindantes o Poseedores—Título del
Demandante.—El plano hecho por un agrimensor sin tener en cuenta la cita-
ción de colindantes o poseedores y basado solamente en manifestaciones de
testigos, sin que se hubiere demostrado el origen de tales conocimientos, no
es prueba suficiente para establecer el título del demandante en una acción
reivindicatoria.

ID.—Descripción Contenida en la Escritura Original.—Aun suponiendo que
la descripción de la finca, contenida en la escritura original, fuera interpre-
tada liberalmente en lo que respecta al nombre del barrio, el demandante
está obligado por ella a falta de explicación de un supuesto error.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan de Guzmán Benítez.*

Abogado del apelado: *Sr. Frank Antonsanti.*

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

Anastasia Bultrón Sánchez y otros otorgaron escritura
pública ante el notario Salvador Suau Carbonell por virtud
de la cual traspasaron a Joaquín Matienzo, demandante en
esta acción, su título sobre la finca que a continuación se
describe como sigue:

"Finca rústica radicada en el barrio de Sabana Abajo del término
municipal de Carolina compuesta de ciento sesenta y tres cuerdas
de terreno más o menos, colindando al Norte con la hacienda anti-
guamente conocida por 'La Providencia,' hoy Juan Cancio Varcárcel;
al Este con finca de Don Justo Rivera y Manuel Antonio Barriola,
Isaías Andino, Martín González y Bernabé Isaac; al Sud con un
camino vecinal que la separa de terrenos de Genaro Vizcarrondo y
Juan Cancio Varcárcel, y al Oeste con la quebrada 'San Antón'
que la separa de la finca 'Campo-Rico.' "

Sostiene el demandante que ésta era la misma propiedad
que adquirió Miguel Sánchez, causante de los vendedores del
demandante en el año 1827, cuya descripción es la siguiente:

"Un pedazo de terreno radicado en el barrio de 'San Antón,' partido de Trujillo, bajo los puntos y guarda-rayas siguientes: De una ceiba o molinillo punto dividente con Daniel Goyley y con rumbo hacia el Norte hasta un jobo punto dividente de Fernando Alvarez y los herederos de Manuela Allende y de este punto con rumbo hacia el Este, cuarta al Sudeste con un granadillo punto dividente con dichos herederos de Allende y Doña Teresa Marcó, y de este punto con el rumbo al Sudeste, cuarta al Sud hasta una estaca de molinillo, punto dividente de dicha Marcó y José Antonio del Castillo y de éste con el rumbo Sud cuarta, al Oeste, lindando con Daniel Goyley hasta el punto de molinillo a ceibillo donde se comenzó."

Ahora bien, aunque estas dos descripciones son enteramente distintas, como los vendedores del demandante alegan que ellos eran los herederos de Miguel Sánchez, el registrador de la propiedad inscribió la escritura aparentemente como una descripción más moderna de la finca poseída por Miguel Sánchez, pero hizo constar en la inscripción que la nueva descripción no estaba identificada con el título original. El demandante estableció una acción contra los demandados alegando que éstos estaban ilegalmente en posesión de una parte de las 163 cuerdas descritas primeramente. Los demandados no han discutido formalmente el hecho de que ellos estaban en posesión de terrenos comprendidos en la descripción hecha hasta ahora en primer término, pero alegan que el demandante no identificó, ni podía identificar dicha primera descripción con la finca adquirida por Miguel Sánchez en el año 1827. Creemos que la demanda en este caso es defectuosa por varias razones que más adelante discutiremos, pero parece más conveniente para los fines de esta apelación considerar primero los errores cometidos durante la celebración del juicio de este caso respecto a la tentativa en identificar la finca.

Uno de los primeros motivos de discusión fué que los terrenos de Miguel Sánchez parecen estar situados en el barrio de San Antón, mientras que los de los demandados se encuentran todos en el barrio de Sabana Abajo.

Al tratar de probar el demandante que los barrios eran los mismos, o por lo menos que la finca poseída por los demandados era la misma que los terrenos que alegaba poseer Miguel Sánchez, o que en parte era así, solicitó que se tomara declaración a un anciano llamado Gumersindo Andino, conviniéndose por tanto por las partes en que el juez, el abogado del demandante y el de los demandados se trasladaran a Trujillo a tomar declaración a dicho Andino, que era un hombre de edad muy avanzada. También se convino expresamente que el abogado del demandante llevaría a dicho lugar en su automóvil al abogado de los demandados. De conformidad con esto el abogado del demandante fué a la casa del abogado del demandado donde fué informado por la esposa de este último que su esposo ya había salido. Sucedió que la esposa del abogado del demandado quiso decir que el marido había salido para el pueblo. El juez y el abogado procedieron a tomar declaración a Gumersindo Andino sin la asistencia del abogado de los demandados. No solamente recibió el juez la declaración de Andino sin la intervención de los demandados sino que oyó y aceptó la declaración de otro anciano llamado Anselmo Febes. El abogado de los demandados debidamente formuló objeción y excepción en cuanto a esta forma de tomar la declaración sin su intervención, conformándose la corte con ofrecer al abogado de los demandados concederle la oportunidad de repreguntar a los testigos si así lo deseaba.

Creemos que la corte cometió un error al proceder a oir la declaración sin la intervención de los demandados. No se niega que el convenio era que el abogado del demandante iría a buscar el abogado de los demandados y hasta tanto alguna falta que no aparece en este caso pudiera atribuir a este último, la corte carecía de facultad para tomar las declaraciones de los referidos testigos. Aun cuando hubiera habido alguna duda acerca del cumplimiento del abogado de los demandados con los términos del convenio todavía así creemos que hubiera sido un abuso de discreción el no abrir el juicio de nuevo a solicitud del abogado de los demandados.

para permitirle ver y oir la declaración del testigo. La corte carecía en absoluto de facultad para oir la declaración del otro testigo. Todo fué irregular. Los demandados tienen un derecho verdadero a estar presentes en todos y cada uno de los períodos del juicio a menos que renuncien tal derecho en alguna forma, lo cual no se demostró en este caso.

En su alegato el apelado expresa que la cuestión relativa a la identificación de los barrios no tenía importancia puesto que ya había sido probado el título. Creemos que era una cuestión muy esencial e importante en este caso acreditar la identidad de estos dos barrios. El demandante evidentemente así lo creyó puesto que hizo el convenio especial para tomar la declaración. En todo aquello en que podía darse crédito a la declaración de estos dos ancianos dicha declaración tendía a mostrar en forma más o menos vaga, que la finca de Miguel Sánchez estaba radicada en cierto sitio alrededor, cerca o dentro de los mismos linderos donde se encuentran los terrenos que poseen los demandados en este pleito. Por este solo fundamento el caso tendría que ser revocado.

La prueba principal para acreditar el título del demandante fué la manifestación hecha por el agrimensor Castro. Dijo éste sustancialmente que dada la antigua descripción de 1827, fué a cierto lugar que se describe en una forma más o menos vaga, donde acompañado de Anastasia Bultrón, Gumersindo Andino y quizás de algunos otros hombres de edad procedió a poner banderolas y medir la finca descrita en la escritura de 1827. No citó a ninguno de los vecinos ni solicitó ningún dato de los demandados en posesión de la finca sino que aparece que solamente confió en la manifestación que le hizo Anastasia Bultrón y otros testigos, sin que resulte probado en forma alguna el origen del conocimiento que éstos tenían. Hizo su plano a principios de diciembre, 1910, habiéndose otorgado la escritura de Anastasia Bultrón Sánchez y otros a favor del demandante en 27 de diciembre de 1910.

Al ser presentado como prueba el plano así preparado los demandados formularon objeción fundándose en que la finca descrita radicaba en un barrio distinto, y la corte admitió dicho plano basándose en la teoría de haber sido descrita la finca por el demandante como la misma que aparecía en las dos descripciones. Esto tuvo lugar al empezar el juicio y antes de que se hubiera tratado de identificar la finca en otra forma que no fuera por las manifestaciones hechas por el agrimensor. El proceder de la corte fué erróneo.

Aun en el supuesto de que la corte admitía el plano provisionalmente como hizo con la escritura, con el objeto de hacer luego la identificación, aun así creemos que el plano no tenía lógicamente ninguna fuerza probatoria. El agrimensor manifestó que él confió en los informes suministrados por Anastasia Bultrón y Gumersindo Andino. El origen del conocimiento que tenía cualquiera de estos testigos no quedó demostrado satisfactoriamente. Consta que Anastasia Bultrón está muerta, pero no se ha mostrado el origen de su información; y en cuanto a Gumersindo Andino, al preguntársele acerca del mismo, dijo que él no ayudó al agrimensor a marcar las colindancias. No se observó nada del procedimiento ordinario respecto a citación de colindantes o poseedores. En vista de estas circunstancias creemos que jamás se probó que el plano fuera suficiente con el objeto de probar el título del demandante.

Considerando el título en conjunto encontramos una falta completa de identificación en las dos fincas. Los demandados en verdad admiten que Anastasia Bultrón poseía siete u ocho cuerdas cerca de ellos, pero con excepción de esta admisión no existe prueba satisfactoria que identifique la finca de Miguel Sánchez con la finca que hoy poseen los demandados. Aun apreciando las declaraciones de Gumersindo Andino y de Febes tal como constan en los autos, estamos convencidos de que merecen muy poco crédito. En una acción reivindica-

toria en que la cuestión es la identidad de una finca, corresponde claramente al demandante probar cada una de las medidas adoptadas en su caso. En este caso era la identidad de la finca. Gumersindo Andino declaró vagamente haber vivido Miguel Sánchez en la finca y dijo que su finca colindaba con dos de los colindantes descritos en la escritura original, y luego habló confusamente acerca del barrio donde está situada su finca. Pudo haber sido de una edad, según su declaración, entre ochenta y cien años y pico. La declaración de Febes no es más satisfactoria. No estamos convencidos de modo alguno de que una finca que se describe como situada en San Antón está radicada en Sabana Abajo.

Uno pensaría que si se tratara de la identidad de los dos barrios el demandante trataría de algún modo de fijar su situación según los registros públicos. Aun suponiendo que la descripción contenida en la escritura original fuera interpretada libremente en lo que respecta al nombre del barrio, el demandante, sin embargo, estaba obligado por ella a falta de la debida explicación del supuesto error. De un examen ligero de la escritura original se verán los nombres de muchos vecinos. No existe nada en los autos que muestre qué se hicieron éstos o quién posee los terrenos que ellos poseían. El agrimensor primero y luego el demandante debieron haber tratado de escudriñar la historia de estos vecinos, pues después de tantos años los árboles descritos en la escritura original pueden haber desaparecido desde hace mucho tiempo.

Comparando las dos descripciones no existe en absoluto semejanza alguna entre ellas. La segunda descripción se refiere a dos colindancias naturales, un camino vecinal y una quebrada. No consta nada en los autos que muestre cómo surgió una quebrada en el Oeste o un camino vecinal en el Sur de la finca descrita originalmente. Además, algunos de los demandados que fueron llamados como testigos por el demandante prestaron declaración describiendo en forma más o menos precisa el origen de sus títulos. Cuando uno de

estos, trató de explicar si Sabana Abajo siempre fué conocida por San Antón se formuló objeción basada en el hecho de que el objeto del caso es probar cómo era conocido el barrio en el año 1827. La forma en que se trató de identificar la finca casi haría esencial y pertinente cualquier historia anterior de estos dos barrios. La corte cometió error al excluir esta declaración. La prueba de los demandados tendía a acreditar el verdadero origen de sus títulos aun cuando dicha prueba hubiera sido necesaria por su parte.

Existen otros errores que han sido alegados en este caso que no creemos necesario discutir con excepción de la alegación de ser defectuosa la demanda. La demanda comprendió a todos los demandados si bien cada uno de los mismos es dueño y posee título por separado de su finca. La suma total de los terrenos poseídos por los demandados, reclamados en este pleito, es menor en treinta cuerdas o más a las 163 que se reclaman en la demanda.

En la demanda no se trató de describir o precisar las parcelas particulares de terreno reclamadas o poseídas por los demandados. Esto pudo no haber sido importante después del juicio si el demandante hubiera alcanzado éxito en identificar la finca porque los demandados no levantaron tal cuestión y podría considerarse que la omisión en hacer una alegación específica quedó subsanada por la prueba, pero creemos que el mismo defecto que hay en todo el caso existe en la demanda. Si el demandante se basaba en la identidad de estas dos descripciones debió haberse tratado de alegar algo más específico en la demanda que el hecho de decir sencillamente en ella que la segunda descripción corresponde a la misma propiedad que la primera. En vista de todas estas circunstancias creemos que la corte cometió error al dictar sentencia en favor del demandante y que debió haberse dictado una sentencia a favor de los demandados, debiendo por tanto revocarse la sentencia apelada y dictarse otra por este tribunal declarando sin lugar la demanda, y sin lugar también

la contrademanda, con costas y honorarios de abogado a favor de los demandados, cuya cuantía fijará la corte inferior.

> *Revocada la sentencia apelada y dictada otra declarando sin lugar la demanda y sin lugar también la contra demanda, con costas y honorarios de abogado a favor de los demandados.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.