BAIZ ET AL., DEMANDANTES Y APELANTES, *v.* SUCESIÓN MERLE,
DEMANDADA Y APELADA.

No. 2961.—*Visto:* Diciembre 13, 1923. *Resuelto:* Julio 11, 1924.

REIVINDICACIÓN—DESCRIPCIÓN DE LA FINCA OBJETO DE LA REIVINDICACIÓN.—Ana-
lizada la prueba en este caso, el tribunal concluye así: "o la finca que se
trata de reivindicar es la finca comprendida en el título de los demandados,
o de no ser así no ha sido identificada de tal modo que el márshal pueda
identificarla sobre el terreno y poner a los demandantes en posesión de la
misma." En tal virtud, se confirmó la sentencia que desestimó la demanda.

SENTENCIA de *J. A. López Acosta,* J. (Guayama), en una acción
reivindicatoria, desestimando la demanda con las costas. *Confir-
mada.*

*L. Muñoz Morales,* abogado de los apelantes; *C. Domínguez Rubio,*
abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

La corte inferior después de celebrado un juicio sobre los
méritos, dictó sentencia desestimando la demanda de reivin-
dicación, principalmente por la falta de identificación sufi-
ciente de la propiedad para que el márshal pudiera entre-
gar la posesión, en caso de dictarse sentencia a favor del

demandante, según consta de la cita que pasamos a transcribir:

"De la prueba aparece que la demandante reclama una finca rústica compuesta de 43 y media cuerdas de terreno, situadas en el barrio de 'Jacaboa' del término municipal de Patillas, cuya finca linda por el norte con terrenos de José Benito Greó; por el este con Sucesión de Enrique Desbón; por el sur con terrenos de Ramón Ortiz y por el este con terrenos de Teresa Aponte.—Dicha finca aparece inscrita a favor de la demandante en el registro de la propiedad, inscripción No. 104 al folio 43 del tomo tres de Patillas, habiéndola adquirido por compra durante su matrimonio con don Francisco Molinari, de don Eleuterio Alvarez.—Los demandados alegan que dicha finca es la misma que tienen en su posesión, y la cual adquirieron; 28 cuerdas de la demandante y su esposo, en escritura de 24 de enero de 1893, estando actualmente inscrita a favor de los demandados; y que el resto de quince cuerdas, hasta completar las cuarenta y tres, las adquirieron por compra a Domingo Ortiz y a un tal Marcano, estando en posesión de dichas fincas por un período de más de diez años.—La cuestión planteada es una de hecho. Sostiene la parte demandante que su finca es una diferente a la finca que exponen los demandados les pertenece. Por el contrario alegan los demandados que la finca que reclama la demandante, son las mismas que tienen en su posesión, o sea la de veinte y ocho cuerdas de la demandante y su esposo, y las quince cuerdas de los referidos Ortiz y Marcano, adquiridas debidamente por compra.—Ahora bien. Si aceptamos la teoría de la parte demandante no procede conceder lo solicitado en la demanda, porque de la prueba de la demandante, no se ha identificado la finca reclamada, de manera que pueda ser puesta en posesión la parte demandante si se dictara una sentencia a su favor.—Si aceptamos la teoría de los demandados, tampoco procede declarar con lugar la demanda, pues de la prueba aparece justificado que los demandados adquirieron las cuarenta y tres cuerdas en discusión, veintiocho de ellas por compra a la demandante y su esposo, y el resto por compra a Ortiz y Marcano, y han estado en posesión de esos terrenos.—La corte señaló una fecha para practicar la inspección ocular, a la cual concurrió solamente la parte demandante, digo la parte demandada, no habiendo concurrido la parte demandante, quien renunció a dicho derecho.—Toda vez que en el período de la prueba no se presentó prueba pericial alguna para justificar y demostrar el sitio donde se encuentran enclavadas las cuerdas de terreno que reclama la demandante, esta era la mejor opor-

tunidad para la parte demandante de concurrir al sitio y señalar dónde radicaban las cuerdas de terreno reclamadas y destruir la contradicción que existe en la prueba sobre la identificación de los terrenos objeto de la demanda.—No hay duda alguna que, según el registro aparecen inscritas dos fincas; pero examinando la prueba, tanto testifical como documental y de inspección, la corte ha llegado a la conclusión de que se trata de las mismas fincas, solamente que han sido inscritas dos veces.—En una acción reivindicatoria, en la que la cuestión de que se trata es la reivindicación, digo la identidad de la finca incumbe al demandante probar todas y cada una de las gestiones que ha practicado.—Matienzo vs. Cancio, 23 D.P.R. 269. —Es indispensable en la reivindicación que el demandante justifique no sólo el derecho con que pide la cosa detenida, sino la identidad de la cosa misma.—Pesquera vs. Fernández, 22 D.P.R. 53.—Por todo lo cual y siendo la prueba insuficiente para justificar la reivindicación solicitada, toda vez que no se ha identificado debidamente la finca reclamada, la corte dicta sentencia desestimando la demanda interpuesta, con las costas.''

No existe señalamiento de errores por separado y esto por sí sería suficiente para justificar la desestimación de la apelación, como frecuentemente lo ha declarado esta corte en los últimos años. Sin embargo, hemos leído el alegato de los apelantes y considerado cuidadosamente el razonamiento en apoyo de las proposiciones que en una y otra parte del mismo aparecen, a saber:

''La corte sentenciadora cometió error al declarar probado que la finca de 28 cuerdas que alega poseer la demandada, es la misma o está comprendida en la de cuarenta y tres y media cuerdas (43½) reclamada por los demandantes.

''La corte inferior incurrió en error al declarar que la prueba de los demandantes era insuficiente.

''La corte sentenciadora cometió error al considerar probado el título de los demandados sobre la finca reclamada.''

Parte del razonamiento bajo el segundo señalamiento es el siguiente:

''Ese hecho de la adquisición y posesión por parte de la causante doña Rufina quedó además comprobado por la declaración del testigo Pedro Alvarez en cuanto afirma que don Francisco Molinari compró para su esposa doña Rufina Sánchez la finca de cuarenta y

pico de cuerdas en el barrio de Jacaboa que era de Eleuterio Alvarez tío del declarante; que esa finca está hoy dentro de otras de los demandados los Merle; que Molinari tenía allí otros terrenos o sea la 'Hacienda Molinari' que también poseen hoy los Merle; pero que éstos estaban separados de la finca anterior por los de Domingo Ortiz.

"El hecho de que el causante Bernardo Merle y luego sus herederos se posesionaron de esa finca está comprobado por la misma prueba testifical de los demandados al tratar de justificar que esas cuarenta y tres y media cuerdas que reclama la demandante le fueron vendidas, por otro título o están comprendidas en otro título; cuando lo cierto es que el título que aportan o sea la certificación del registro sólo es creditiva de la inscripción de una finca de veintiocho cuerdas que adquirió el causante por compra a doña Filomena Molinari de Baiz por escritura de 24 de enero de 1893 y que dicha señora había inscrito por expediente posesorio en unión de otras fincas procedentes de la sociedad Molinari Espendez y Co.; y este documento fué admitido con la oposición y excepción del demandante. Resulta comprobado el hecho de que los demandados poseen la finca que reclaman los demandantes aunque tratan de ampararse con otro título de diverso origen y que trae su procedencia de un posesorio; y se justifica también por su misma prueba que ellos empezaron a poseer allá por el año 1893 o sea la fecha de la citada escritura, y por tanto queda implícitamente admitido que hasta esa fecha por lo menos, estaba poseyendo la causante de los demandantes: esto bajo el supuesto de que pudiera el demandado amparar su posesión en el título que ahora alega."

La prueba en conjunto aun como ha sido reseñada en el alegato de los apelantes nos lleva inevitablemente a la conclusión de que si la propiedad que se trataba de reivindicar está en posesión de los demandados, o debe ser la finca comprendida en el título de los demandados, o de no ser así no ha sido identificada de tal modo que el marshal pueda identificarla sobre el terreno y poner a los demandantes en posesión de la misma. Esta es en substancia la conclusión a que llegó la corte inferior.

En virtud de lo anterior la *sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.