El Juez Asociado Sr. Wolf firmó haciendo constar estar conforme con la sentencia.

---

CANEJA, APELANTE, *v.* ROSALES & CO., APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 874.—Resuelto en marzo 10, 1913.

ACCIÓN REIVINDICATORIA—PRUEBAS—INSPECCIÓN OCULAR.—La prueba de inspección ocular, aunque no necesaria, puede ser de importancia en casos de esta naturaleza, pues permite al juez fijar sobre el terreno los datos que proporcionan las declaraciones de los testigos.

ID.—PLANOS—CERTIFICACIÓN DE MENSURA.—Un plano sin firma y una certificación de mensura sin la conformidad de los dueños de los predios colindantes, sólo pueden considerarse como actos de una parte que no obligan a las otras partes que no intervinieron en los mismos.

ID.—DESCRIPCIÓN DE LA FINCA—INSUFICIENCIA DE LA PRUEBA.—En el presente caso se describió en la demanda la porción de terreno reclamada, pero la prueba de dicha descripción resultó tan confusa e incompleta, que no fué posible dictar, basándose en ella, la sentencia en términos claros y precisos que la ley requiere.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eugenio Benítez Castaño.*

Abogados del apelado: *Sres. Bosch y Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Marcos Tomás Caneja entabló demanda en la Corte de Distrito de San Juan contra Rosales y Compañía alegando que demandante y demandado tenían capacidad legal para demandar y ser demandados; que el demandante es dueño de cierta finca rústica de 123 cuerdas que describe; que la sociedad demandada es dueña de un predio que linda con la finca del demandante por el Sur y por el Oeste; que la línea divisoria de ambas propiedades está claramente determinada

por una mensura practicada en 1858 por el agrimensor Sá-
rraga; que la sociedad demandada en enero de 1911 levantó
una empalizada de espeques y alambres desde un punto lla-
mado el ''Bebedero,'' a orillas del camino de Santurce a
Carolina, siguiendo el curso de dicho camino hacia el Sur,
hasta una puerta de golpe en la colindancia Oeste en la finca
del demandante; que al colocar la empalizada, la demandada
invadió de tres a cuatro cuerdas de la finca del demandante;
que no obstante la protesta del demandante, la demandada ha
continuado en la posesión de la porción de terrenos detentada,
y que la demandada al privar al demandante de la posesión
de su terreno, le ha ocasionado daños y perjuicios por la suma
de seiscientos dólares.

La demandada contestó aceptando los hechos relativos a
la capacidad de las partes y negando los restantes. Alegó,
además, que había adquirido su finca por virtud de los títulos
de los anteriores dueños y no por planos de fincas cercanas o
contiguas levantados en 1858 u otros años, y que las colindan-
cias de su dicha finca, están bien determinadas por signos y
puntos naturales.

El demandante enmendó luego su demanda en el sentido
de que la porción de terreno de que ilegalmente se había
posesionado la demandada era de seis cuerdas y un céntimo
de otra, describiendo, además, dicha porción como sigue:

''Por el Este, con el camino vecinal de la Carolina; por el Oeste,
con la antigua hacienda 'Providencia,' hoy Rosales y Compañía;
por el Norte, con los terrenos antes denominados 'Los Frailes,' hoy
Rosales y Compañía; y por el Sur, con los demás terrenos de la finca
del demandante.''

Celebrada la vista, se dictó sentencia en 3 de febrero de
1912, declarando sin lugar la demanda. Y contra dicha sen-
tencia se interpuso el presente recurso de apelación.

El fundamento que tuvo la corte sentenciadora para de-
clarar sin lugar la demanda, fué el de que la prueba aportada
por el demandante no proporcionaba datos suficientes para

describir la porción de terreno detentada por la sociedad demandada.

Hemos examinado cuidadosamente toda la prueba practicada y a nuestro juicio no es en manera alguna suficiente para poder dictar una sentencia declarando con lugar la demanda.

Ya hemos visto que el demandante primero alegó que la porción de terreno que trataba de reivindicar tenía de tres a cuatro cuerdas y que luego enmendó su demanda alegando que la superficie de dicha porción era de seis cuerdas y un céntimo de otra.

Ninguno de los testigos del demandante dió una descripción comprensible de la parcela reclamada. Sus colindancias por los puntos cardinales no fueron ni siquiera indicadas por los testigos. Estos dijeron que el camino de Santurce a la Carolina que a virtud de la cerca puesta por la sociedad demandada, constituye ahora una de las colindancias de la finca de la demandada, pasaba antes por dentro de la finca del demandante. Aceptando como cierta esta afirmación, sería necesario concluir que la demandada había tomado algún terreno de la finca del demandante al extender su colindancia hasta el camino, pero aun así no habría base en la prueba para determinar la extensión superficial y todos los linderos de la porción tomada.

No se practicó ninguna inspección ocular, prueba que, aunque no necesaria, puede ser de importancia en casos de esta naturaleza, pues permite al Juez fijar sobre el terreno los datos que proporcionan las declaraciones de los testigos y llegar a conclusiones más ciertas y seguras sobre los hechos controvertidos.

No se presentó ningún plano de la porción reclamada por el demandante. La superficie de dicha porción no se fija exactamente por los testigos en el número de cuerdas consignado en la demanda enmendada. El mismo demandante Caneja, al declarar como testigo, dice que dicha porción está formada por dos cuchillas o triángulos de terreno uno de dos cuerdas y cuadro, y otro que no pudo medir y que calcula

que debe tener también dos cuerdas y cuadro. Sumadas ambas superficies, se obtiene un total de cuatro cuerdas y media que dista mucho de ser igual a la asignada al terreno reclamado en la demanda enmendada.

Se presentó también por el demandante una certificación de mensura practicada en el año de 1858 por el agrimensor Sárraga y un plano levantado recientemente para demostrar gráficamente lo establecido en la mensura. El plano no tenía firma y en la mensura no constaba la conformidad de los dueños de los predios colindantes. Ambos documentos se admitieron con tales salvedades por la corte y sólo pueden en tal virtud considerarse como actos de una parte que no obligan a las otras partes que no intervinieron en los mismos. Esto no obstante, hemos examinado la mensura de 1858 y en ella no consta que el camino de Santurce a Carolina pase por dentro de la finca del demandante.

Esta Corte Suprema de Puerto Rico, en el caso de *Arturo Díaz* v. *El Pueblo de Puerto Rico,* resolvió que no basta para dejar cumplido el precepto del artículo 125 del Código de Enjuiciamiento Civil, describir la finca de que forma parte el terreno reclamado, sino que éste debe describirse de modo tal que pueda identificarse en caso de ejecución de sentencia, sin necesidad de ulteriores explicaciones, que no es la finca total sino el terreno detentado el que ha de reivindicarse, y contra el poseedor de ese terreno es que se ejercita la acción reivindicatoria. *Díaz* v. *El Pueblo et al.,* 17 D. P. R., 60.

En el presente caso, la porción de terreno reclamada por el demandante se describió en la demanda, pero la prueba presentada para demostrar la verdad de la alegación del demandante, negada por la demandada, es tan confusa e incompleta que no permite concluir que tal alegación sea cierta.

Siendo esto así, no habiendo el demandante aportado los datos necesarios para describir el terreno reclamado, no estaba la corte de distrito en condiciones de dictar una sentencia en los términos claros y precisos que la ley requiere.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.