José García Domínguez, demandante y apelante, *v.* Gerónimo Rivera, José Martínez y Basilio Candelaria, demandados y apelados.

No. 4356—*Sometido:* Abril 25, 1928. *Resuelto:* Julio 23, 1929.

4

*A. Reyes Delgado* y *R. Agrait Aldea,* abogados del apelante; *Luis Mercader,* abogado de los apelados.

Ɇᴌ Juᴇz Asocɪᴀᴅo Sᴇñᴏʀ Woʟꜰ, emitió la opinión del tribunal.

Después de celebrarse la vista de un caso de reivindicación, la Corte de Distrito de Arecibo dictó sentencia a favor de los tres demandados que arriba se mencionan, fundándose

en la prescripción extraordinaria. En su opinión, la corte expuso algo de la historia de la posesión de los demandados, y declaró que cada uno de ello había poseído su predio par-cular por más de treinta años. Es un hecho incontrover-tido que cada uno de los tres demandados estuvo en posesión de su finca respectiva independientemente de los otros dos. La razón por la cual ellos fueron demandados conjuntamente, fué la de que el demandante sostenía que dichos demandados estaban en posesión de toda una faja de terreno que según él formaba la parte oriental de una finca que se describe en la demanda.

En apelación, el demandante, muy acertadamente, sostiene que en un caso de prescripción el peso de la prueba recae fuertemente sobre el demandado. La contención del deman-dante es que cada uno de los demandados estaba obligado a identificar el predio de terreno determinado que poseía, y que la prueba dejó de hacerlo.

No dejamos de tener algunas dificultades al seguir la his-toria de la tenencia individual de los demandados. Alguna de la prueba presentada por ellos no fué muy explícita. Sin embargo, no se hizo objeción a ella, y tiende por sí sola, sin tener en cuenta la del demandante, a sostener las conclu-siones a que llegó la corte. Si bien la prueba de los deman-dados relativa al origen de la posesión tal vez no es tan clara como pudiera serlo, no obstante, la prueba en su totalidad tiende fuertemente a sostener la conclusión de la corte.

El que la corte dejara de comentar el caso del deman-dante nos ha dejado algo dudosos respecto a otra conclusión a que hemos llegado. Esta es que el demandante no probó su caso. Según nuestro criterio, el demandante dejó de pro-bar mediante algo que se parezca a una preponderancia de la prueba, que la alegada colindancia oriental de la finca descrita en la demanda se extendía tan al este como él creía y como trató de establecer.

Hay otro extremo que milita contra el demandante. El demandó conjuntamente a los tres demandados en el mismo

pleito. Tenemos la idea de que él tenía derecho a hacerlo así, pero al llegar a la prueba, si no a las alegaciones de la demanda, tenemos alguna idea de que era el demandante quien estaba obligado a identificar las tenencias de cada uno de los demandados. Llamamos la atención hacia el artículo 125 del Código de Enjuiciamiento Civil, que lee así:

"En una acción para recobrar propiedad inmueble, éste deberá describirse en la demanda con tal precisión que un agente judicial pueda identificarla en caso de ejecución."

Si no era necesario que durante el juicio el demandante identificara las propiedades individuales de los demandados, entonces él a duras penas podría quejarse si, igualmente y en forma general, los demandados ofrecieron prueba tendente a demostrar de manera indefinida que todo lo que habían estado poseyendo dentro de la faja de terreno reclamada por el demandante había sido poseído por cada uno de ellos durante más de treinta años.

Son éstas consideraciones generales que hacemos; en parte, porque la evidencia de los demandados se dirige casi necesariamente a probar dos cosas, a saber: suponiendo un caso *prima facie* a favor del demandante que su colindancia más al este en realidad no se extendía hasta donde él alegaba; y, por otra parte, a demostrar que los demandados habían estado en posesión de sus parcelas respectivas reclamadas ahora por el demandante por más de treinta años.

Al examinar su escritura obtenida unos tres años antes del litigio, el demandante descubrió que, según la descripción de la finca, ésta tenía 285 cuerdas, mientras que al efectuarse la mensura sólo resultaron 278 cuerdas. Un tal Manuel Colón hizo entrega material de la finca al demandante. Este solicitó y obtuvo una orden judicial para que se practicara un deslinde.

El agrimensor rindió su informe. En él, fijó el principio de la colindancia más al este en el punto norte alegado por el demandante. Todo el mundo estuvo de acuerdo respecto al punto sur de dicha colidancia oriental. El punto lo cons-

tituía un montón de piedras. El principio septentrional de dicha colindancia oriental fué descrito por los testigos como que empezaba en una "piedra rajada". Estas dos palabras pueden significar una piedra irregular de cualquier clase, o pueden significar una formación pedregosa irregular. Sucedió que mientras se practicaba la mensura el demandante o sus testigos insistieron en que esta "piedra rajada" se hallaba en una colina de difícil acceso. Los demandados y sus testigos durante el deslinde dijeron que la "piedra rajada" se hallaba más al oeste. En el acto del juicio se demostró que en la fecha en que se practicó el deslinde no se halló ninguna "piedra rajada" en el punto indicado por los demandados. Sin embargo, la prueba de los demandados tendió a demostrar en conjunto que estuvo allí en un tiempo y que esa piedra o trazas de ella habían sido destruídas por un terremoto.

Ahora bien, al examinarse la prueba del demandante, aunque éste hace mucho hincapié en sus escrituras de título, y en la mensura practicada, la declaración de ninguno de los testigos fija el lugar definido en que se halla esta "piedra rajada". De la declaración del agrimensor Paz, quien originalmente practicó una mensura del terreno para el demandante, aparece que una de las personas que ayudaron a localizar la "piedra rajada" fué Manuel Colón. Este declaró como testigo durante el juicio. Durante el examen directo, dejó notablemente de localizar el principio de la colindancia oriental. Su declaración fué muy indefinida respecto a las colindancias, pero insistió en que conocía los puntos. Si se le hubiese mostrado un plano o se le hubiera preguntado más particularmente, tal vez habría arrojado alguna luz y los demandados habrían tenido oportunidad de repreguntarlo. El demandante dijo en su declaración que de los puntos dádosle por Colón resultaba una merma en la cabida de la finca. Naturalmente, la declaración del demandante o de su hijo proyectan muy poca luz, toda vez que su conocimiento, de tener alguno, fué adquirido recientemente.

De suerte que no hallamos en los autos ninguna ubicación satisfactoria de la colindancia oriental. El agrimensor no expuso la fuente de sus conocimientos, salvo al decir que se guió por el plano entregádole, que se presume fué el plano *ex parte* levantado por Paz. De todos modos lo que el agrimensor Lacomba sabía era por referencia. Una "piedra rajada" puede destruirse fácilmente si no es muy grande, pero de todos modos el demandante no probó este punto, mediante una clara preponderancia de la prueba. La referencia muy indirecta que se hace a Colón es insuficiente. No deben anularse los títulos con una prueba tan frágil, especialmente cuando hay evidencia positiva en sentido contrario. Nos sentimos obligados a resolver que el demandante no probó su caso.

Es posible que la corte, en una forma que no es clara para nosotros, creyera que el demandante había presentado un caso *prima facie,* y que los terrenos en poder de los demandados habían pertenecido una vez al causante del demandante. Entonces creemos que procede la prescripción extraordinaria. Naturalmente si los demandados ocupaban los terrenos por equivocación y sólo tenían la intención de poseer fuera de las colindancias alegadas por el demandante, no hay posesión adversa u hostil. Toda la prueba demuestra una tenencia hostil por parte de los demandados. Construían casas y labraban las tierras, sosteniendo que la colindancia más al oeste de cada una de sus fincas se extendía hasta la línea trazada desde una "piedra rajada" distinta a la alegada por el demandante. No se demostró que la intención de los demandantes fuera sólo la de penetrar en los terrenos que se hallaban al este de la demarcación según alega ahora el demandante.

En este caso, conforme hemos indicado antes, el demandante reclamaba cierta faja de terreno. No probó el predio individual ocupado por cada uno de los demandados. Estos dicen, en efecto, que todos los terrenos por ellos poseídos han sido poseídos por ellos y por sus causantes por más de treinta años.

El apelante no pone en duda seriamente el hecho de que no sería aplicable la prescripción si los terrenos poseídos por cada uno de los demandados hubieran sido segregados de fincas mayores pertenecientes a otras personas y por ellas poseídas o vendidas directamente a los demandados. Lo que el apelante sostiene es que la porción determinada reclamada por el demandante y poseída por cada uno de los demandados, respecto a la cual cada uno de ellos reconoce o alega su posesión, nunca fué identificada. Estamos de acuerdo en que de los autos no aparece ninguna otra manifestación excepto el testimonio de los mismos demandados, que demuestre directamente que los terrenos poseídos por los demandados jamás pertencieron a sus alegados causantes, o sea, a los Ortiz, los Fougerat, los Ruiz Zeda y otros.

Por otra parte, a cada uno de los demandados se le permitió que dijera sin objeción alguna que la porción por él poseída procedía de segregaciones o de ventas que les hicieran otras personas. Aunque estas manifestaciones estaban sujetas a análisis y a ser destruídas en la repregunta no se hizo tal repregunta. ''¿Por qué dice usted que la porción que usted posee y que el demandante reclama forma parte de la finca transferida a usted por Ortiz?'' es la clase de preguntas que no fué hecha, por ejemplo, a Basilio Candelaria. Sin embargo, este demandado dijo que su título y posesión tenían esa procedencia. Dada la identificación hecha por cada uno de los demandados, la corte estuvo ampliamente justificada, de conformidad con el resto de la prueba, al llegar a la conclusión de que los demandados habían probado la prescripción extraordinaria.

Hay algo más. El apelante en su informe complementario llama la atención especialmente a las declaraciones de Colón y de Serrano como tendentes a demostrar que las fincas de los demandados habían pertenecido a los causantes del demandante. Cada uno de estos testigos, cuya edad era 70 y 86 años, respectivamente, habla de una época que se retrotrae a unos cuarenta años. Esa fué prueba circuns-

tancial tendente a demostrar que no había habido posesión reciente por los causantes del demandante. Otra prueba circunstancial del demandante demostró que algunas casas estuvieron enclavadas durante largo tiempo, podría decirse que adversamente al, demandante, en los terrenos por él reclamados. Toda la prueba tanto directa como circunstancial, tiende a demostrar que los terrenos fueron poseídos adversamente al demandante por más de treinta años.

■ El apelante también señala como error el haber admitido la corte ciertos documentos. El error alegado en realidad no está bien señalado. Cuando se alega que varios documentos han sido admitidos erróneamente si las objeciones en relación con los mismos varían, la admisión de cada documento debe señalarse como error separadamente. Además, el señalamiento de error debe contener una especie de resumen de la objeción hecha durante el juicio a la admisión del documento. Todo un caso puede ser revocado por haberse admitido algo erróneamente y la corte de apelaciones tiene derecho a saber por el mero señalamiento si existe tal posibilidad. También podría saberse a primera vista que la adadmisión del documento no fué perjudicial. No obstante, daremos alguna consideración al señalamiento.

■ La corte admitió un documento, la sentencia dictada en un expediente posesorio, según el cual Basilio Candelaria, logró probar que estaba en posesión de 25 cuerdas. El dijo que las seis cuerdas reclamadas por el demandante estaban incluídas en dichas 25 cuerdas. Nuestra confirmación de la sentencia en este caso se basa en dos fundamentos. En lo que respecta al hecho de haber dejado el demandante de probar su caso, la admisión del documento claramente no guardaba relación alguna. Sin embargo, constituía alguna prueba tendente a demostrar la posesión continua por parte de dicho demandado. Es cierto, según sostiene el apelante, que no se debe inscribir la sentencia dictada en un expediente posesorio si se halla un título anterior inscrito en el registro de la propiedad. Empero nada había en el re-

gistro que demostrara exactamente la colindancia oriental de los terrenos del demandante. No encontramos que haya objeción alguna a la admisión del documento a virtud de alguna disposición o reglamento de la Ley Hipotecaria.

La admisión de los otros documentos puede igualmente estar justificada, o no fué perjudicial. Una vez que se permitió a los demandados expresar el origen de sus tenencias respectivas, por estar contenidas en una cabida mayor, todo lo que se refiriera a estas fincas de mayor cabida, creemos que era admisible. La teoría del demandante se basaba principalmente en la falta de identificación a que nos hemos referido varias veces.

Hemos quedado satisfechos de que no se cometió error fundamental alguno al admitir el documento No. 7, o de que su admisión no fué perjudicial. El apelante hace referencia a las objeciones por él presentadas durante el juicio, pero no indica las páginas de los autos en que aparecen sus objeciones, lo que por sí solo es motivo para no discutir más extensamente el error alegado. Al leer unos autos, los jueces de una corte de apelaciones no tienen obligación alguna de hacer apuntes o de releer los autos muchas veces, sino que las páginas de éstos donde aparecen las objeciones hechas deben indicarse claramente en el alegato. En el alegato sólo se hace referencia a la página en que podía hallarse el documento mismo, pero no las objeciones presentadas.

*Debe confirmarse la sentencia apelada.*