EULALIA MONJE, demandante y apelante, *v.* CEFERINO OSORIO AYALA, su esposa DEMETRIA SÁNCHEZ, y MARCIAL SUÁREZ Y SUÁREZ y su esposa ENCARNACIÓN FUENTES, demandados y apelados.

No. 4634. *Sometido:* Enero 20, 1931. *Resuelto:* Abril 22, 1931.

*R. Sancho Bonet,* abogado del apelante; *G. Cruzado Silva,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un caso de reivindicación fallado en contra de la demandante. Se alegó en la demanda que la demandante era dueña de una finca de veinte y cinco cuerdas situada en Loíza, que había adquirido por compra "a las hermanas

Peterson'' hacía ''aproximadamente treinta años;'' que en 1904 la demandante segregó de la finca y arrendó a Amalio Cepeda una porción de ocho cuerdas ''y luego de un año apareció ocupando la susodicha parcela de ocho cuerdas Don Ceferino Osorio Ayala y su esposa Demetria Sánchez, contra el consentimiento y voluntad de la demandante;'' que en 1907 Osorio alegando falsamente haber adquirido las ocho cuerdas de Cepeda tramitó un expediente de dominio y obtuvo que éste se declarara por la corte a su favor y se inscribiera a su nombre en el registro; que algunos años después Osorio corrió la cerca y se apoderó de diez cuerdas más de la finca de la demandante, y que enterados los esposos Osorio de que la demandante iba a dirigirse a los tribunales, traspasó simuladamente la finca a los otros demandados esposos Suárez.

Contestaron los demandados negando los hechos de la demanda que pudieran perjudicarles y alegando que los esposos Osorio poseyeron la finca de ocho cuerdas por haberla adquirido por compra a Amalio Cepeda; que en 1905 tramitaron un expediente posesorio y en 1906 otro de dominio en los cuales se acreditó el derecho de los Osorio, inscribiéndose la resolución dictada en el último en el registro de la propiedad; que los esposos Osorio poseyeron también una porción de tres cuerdas y media que adquirieron, dos por compra a Amalio Cepeda y una y media por compra a la propia demandante, y que el 16 de enero de 1922 por escritura pública y justo precio, vendieron ambas porciones de terreno, la de ocho cuerdas y la de tres y media, a los otros demandados esposos Suárez.

Trabada así la contienda, fué el pleito a juicio practicándose una larga prueba documental y testifical. La corte de distrito falló, como hemos dicho, en contra de la demandante, haciendo constar expresamente en su relación del caso y opinión que no le mereció crédito el testimonio de la demandante.

Hemos estudiado cuidadosamente la prueba y a nuestro juicio quedó perfectamente acreditado el título de los demandados a la porción de ocho cuerdas. No nos detendremos en la alegada venta simulada de los Osorio a los Suárez. Quizá lo sea, pero nada importaría ello al derecho de la demandante si los Osorio demostraban, como demostraron, un buen título a su favor que trae causa de la propia demandante. La demandante dijo que había adquirido por compra a las hermanas Peterson. Tanto la alegación como la prueba fueron muy vagas, pero tampoco importa porque el demandado deriva su título del de la demandante.

Se presentó un documento privado fechado en 1899 y firmado por la demandante, del cual resulta que la demandante vendió las ocho cuerdas a Amalio Cepeda por la suma de $45. Luego el original de un expediente posesorio tramitado en la Corte Municipal de Carolina en 1905 en el que se acreditó que el demandado Osorio se hallaba en posesión de las ocho cuerdas como dueño por haberlas adquirido de Amalio Cepeda. Se "confirió vista del mismo" al anterior dueño Cepeda, quien manifestó que por ser cierto lo consignado por Osorio en el escrito inicial, nada tenía que oponer a su pretensión. Y se citó a la demandante como colindante. El expediente no se llevó al registro. Pero sí se inscribió el de dominio tramitado por Osorio en la Corte de Distrito de San Juan sobre las mismas ocho cuerdas y resuelto a su favor por sentencia de once de febrero de 1907.

La prueba en cuanto a las ocho cuerdas es, pues, completa. Se intentó atacar el documento privado sosteniendo que la demandante lo que hizo fué arrendar a Cepeda y no venderle. Ella y varios otros testigos declararon en ese sentido, pero sus declaraciones son tan vagas y están tan fuertemente contradichas por el documento, por las actuaciones públicas posteriores de Cepeda y Osorio y por la pasividad de la demandante durante tantos años viviendo en la finca misma, que no puede llegarse a otra conclusión que a la que llegara

la corte sentenciadora. El hecho de que a virtud de la prueba testifical se consignara en la sentencia de dominio que el peticionario había adquirido la finca "en 1905 por compra a Amalio Cepeda, y que éste a su vez la adquirió también por compra a Eulalia Monje habiéndola poseído más de veinte años," cuando se ha demostrado ahora que Cepeda sólo la poseyó por seis años, no es bastante para declarar nulo, por falso, el expediente, pues se explica que la posesión de veinte años fué por Cepeda personalmente y por sus causantes la demandante ·Eulalia Monje y las hermanas Peterson.

En cuanto a la otra porción reclamada o sea la de diez cuerdas que se alega están en posesión de los demandados por haberse apoderado de ellas Osorio corriendo la cerca, no hay prueba alguna en verdad que pueda tomarse en consideración.

En primer lugar las diez cuerdas ni siquiera se describen en la demanda. Varios testigos declararon en el juicio que Osorio las tenía. Se les pidió la razón de su dicho y contestaron. La finca de la demandante era de veinte y cinco cuerdas, ella tiene sólo siete, luego Osorio tiene que tener diez y ocho, o sean las porciones de ocho y de diez. No se practicó prueba de peritos, ni mensura. No se levantó plano alguno.

Osorio reconoció en la escritura de trasmisión a los Suárez que se hallaba en posesión de las ocho cuerdas y además de otra porción de tres y media y declaró en el juicio sobre el particular de conformidad con lo alegado en su contestación, esto es, que había adquirido esas tres cuerdas y media, dos por compra a Cepeda y una y media por compra a la demandante. No presentó documento alguno creditivo de esas compras. La prueba es muy débil. Quizá sean esas tres cuerdas y media o al menos la cuerda y media lo que tenga Osorio sin derecho alguno, de lo que se apoderara corriendo la cerca, pero aunque así se reconociera, ¿cómo podría dictarse una sentencia a favor de la demandante si a

virtud de la prueba no se ha identificado la exacta porción cuya entrega debería ordenarse? En pleitos de esta naturaleza la prueba pericial, la mensura, los planos, son de verdadera importancia. Hubiera podido siquiera pedirse al demandado Osorio cuando declaró en el juicio que describiera y situara las porciones de dos y una y media cuerdas y quizá se hubiera estado en condiciones de dictar una sentencia favorable a la demandante por las tres y media o por la una y media cuerdas. Siempre hubiera quedado la cuestión de credibilidad, pues aquí nos encontramos con la posesión actual por parte de Osorio y su comprador y la afirmación bajo juramento de Osorio que compró de la demandante y frente a ellas con la afirmación también bajo juramento de la demandante que dice que no vendió terreno alguno.

Bajo cualquier aspecto que el caso se considere, se concluye siempre que la demanda no puede prosperar. Para que la acción reivindicatoria pueda ejercitarse con éxito precisa que el demandante justifique, no sólo el derecho con que pide la cosa detentada, sino la identidad de la cosa misma. La demandante demostró su derecho dominical a cierta finca rústica. Hay indicios de que la finca constaba de veinte y cinco cuerdas, pero no es prueba fehaciente. También quedó demostrado que los demandados poseyeron y poseen once cuerdas y media, de las cuales reconocen que proceden de la finca de la demandante nueve cuerdas y media. Sobre ocho han demostrado un título de dominio claro, derivado de la misma demandante. Sobre una y media aportaron prueba de poca fuerza, contrarrestada por prueba débil también y de crédito discutible. Resolviendo el conflicto a favor de la demandante, siempre resultaría que no había medios de dictar sentencia en cuanto a la cuerda y media, por no haber cumplido la demandante con el requisito de la identidad.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Wolf no intervino.