Juan José Gerardino, demandante y apelante, *v.* El Pueblo de Puerto Rico, demandado y apelado.

Núm. 7602.—*Sometido:* Abril 19, 1939.—*Resuelto:* Enero 16, 1940.

*Fernando Zapater,* abogado del apelante; *Hon. Procurador General Benigno Fernández García* y *R. García Cintrón,. Subprocurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Se trata en este caso de la reivindicación de un solar de 1,965 metros cuadrados, radicado en el Barrio Segundo de la ciudad de Ponce, Puerto Rico. Alega el demandante que él adquirió esa finca en 28 de abril de 1928 por compra a doña Elisa Vidal viuda de Salinas. En la demanda se alega una cadena de títulos inscritos, así: En diciembre 27, 1877, Tri-

nidad Beltrán vendió a Eugenio Chardón y en 26 de marzo de 1895, los herederos de Chardón vendieron a Luis Román Beltrán, una finca de tres cuerdas, o sea 11,791 metros cuadrados; en 16 de noviembre de 1895 Luis Román Beltrán segregó y vendió a Filomena Pacheco el solar en cuestión; en septiembre 10, 1897, Filomena Pacheco lo vendió a Ulises García Fraberi; éste lo trasmitió en 9 de marzo de 1900 a Eusebio Salinas; en 9 de septiembre de 1902 Salinas lo vendió a Gerónimo Anguera y esposa; y éstos, en abril 27 de 1903 lo traspasaron a doña Elisa Vidal, de quien el demandante dice haberlo adquirido.

Alegó además el demandante que de la finca de tres cuerdas que los herederos de Chardón vendieron a Beltrán, se hicieron cuatro segregaciones por un total de 6,009.64 metros cuadrados, siendo una de ellas la del solar de 1,965 m. c. reclamado por el demandante. Y que después de dichas segregaciones la finca principal quedó reducida a 5,698 metros 167 milímetros cuadrados.

Continuó alegando el demandante que El Pueblo de Puerto Rico es dueño de un solar de 2,965.769 metros cuadrados, que adquirió por título de herencia intestada de Francisco Dávila Rey, cuyo solar procede del remanente de 5, 698.167 metros cuadrados a que quedó reducida la finca que originalmente perteneció a Luis Román Beltrán después de hechas las segregaciones anteriormente relacionadas; que el demandado pretende pertenecerle en dominio el solar propiedad del demandante; que el título de éste es anterior en fecha e inscripción al del Pueblo de Puerto Rico y al de sus antecesores en título; que el título del demandado no corresponde al solar descrito en la demanda; y que amparándose en ese título el demandado ha tomado posesión del inmueble, con perjuicio de su único y exclusivo dueño, el demandante.

En su contestación alegó el demandado que es dueño del solar en cuestión por haberlo adquirido a título de herencia, por sentencia de la Corte de Distrito de Ponce dictada en julio 6, 1921, por la cual se declaró al Pueblo de Puerto Rico

único y universal heredero ab intestato de Francisco Dávila Rey y que por virtud de dicha sentencia el demandado inscribió a su nombre la finca urbana que corresponde a la que describe el demandante en su demanda; y negó que el demandado hubiese adquirido el solar que describe en su demanda por compra a Elisa Vidal Vda. de Salinas, alegando en contrario que la finca que dicho demandante adquirió en abril 28, 1928, por compra a dicha señora, no corresponde ni por sus linderos ni por su área superficial a la finca urbana que el demandante reclama. Alegó además el demandado que la segregación y venta efectuada por Luis Román Beltrán a favor de Filomena Pacheco, de quien el demandante deriva su título, no se refiere a la finca de que es dueño y poseedor El Pueblo de Puerto Rico y sí a otra parcela que el demandante adquirió de la señora Vidal Vda. de Salinas; y niega que el alegado título del demandante sea anterior en fecha e inscripción al título que ostenta el demandado.

Fué el pleito a juicio y en febrero 24 de 1936 la Corte de Distrito de Ponce dictó sentencia desestimando la demanda. Los fundamentos de dicha sentencia pueden resumirse así: (a) el demandante no probó durante el juicio el dominio e identidad de la finca reclamada; (b) la evidencia testifical ofrecida por el demandante para identificar la finca reclamada fué contradicha por testigos del demandado "que han demostrado estar en mejores condiciones que los del demandante para conocer los hechos sobre los cuales declararon," lo que obligó a la corte a resolver el conflicto de evidencia a favor del demandado; y (c) de la prueba documental resultan notables discrepancias entre la descripción que de la finca se hace en el alegado título del demandante y la descripción que aparece de las constancias del registro.

El demandante ha interpuesto el presente recurso, en el que asigna como único error de la corte inferior el de haber resuelto que el demandante no había probado la identidad de la finca. Para resolver el alegado error nos hemos visto obligados a hacer un detenido estudio tanto de la

prueba documental como de la testifical ofrecida por el demandante para identificar la finca.

■■■■ Del certificado expedido por el Registrador de Ponce (*Exhibit* ''B'' del demandante) en la primera inscripción de la finca núm. 3850, que reclama el demandante, se hizo constar la siguiente descripción:

''URBANA: Terreno radicado en el barrio Segundo de esta Ciudad, *a continuación de la Calle de la Molina, a la que da su frente por el Sur*, compuesto de media cuerda equivalente a diecinueve áreas, sesenta y cinco centiáreas, etc.'' (Bastardillas nuestras.) ·

La descripción que antecede fué sostenida como buena y correcta al verificarse los varios traspasos relacionados en las inscripciones Segunda a Octava, inclusive.

En la escritura núm. 26, otorgada ante el notario Erasto J. Arjona Siaca en abril 28, 1928, y admitida como *Exhibit* ''A'' del demandante, la misma finca núm. 3850, vendida por doña Elisa Vidal Viuda de Salinas, al demandante Gerardino, se describe de acuerdo con lo que aparece de la inscripción Primera, supra, pero inmediatamente se enmienda dicha descripción en la forma siguiente:

''SEGUNDO: Que la exacta y real descripción de dicha finca en la actualidad y corrigiendo ciertos errores en sus colindancias es la siguiente:

''URBANA: Trozo de terreno radicado en el Barrio Segundo de esta Ciudad de Ponce, *a continuación de la prolongación Norte de la Calle de la Molina, por donde da hoy su frente al Este*, compuesto de etc.'' (Bastardillas nuestras.)

Al inscribir dicha escritura núm. 26 (Inscripción 9ª.) el registrador hizo constar que ''Se hace esta nueva descripción tomada del documento presentado, por no ser de un todo conforme con lo que resulta del registro.'' El demandante no ha presentado evidencia alguna para explicar o justificar el cambio hecho en los linderos de la finca. El demandado presentó en evidencia dos cartas (*Exhibits* 6 y 7 del demandado) escritas respectivamente en febrero 16 y marzo 1,

1928, por Gerardino al Comisionado del Interior de Puerto Rico. En la primera, el demandante pide se le informe "sobre si el Gobierno vendía los terrenos que fueron propiedad del Sr. Dávila, quien murió y no tenía herederos, y de cuyos terrenos ha entrado El Pueblo de Puerto Rico en posesión hace doce o quince años;" y continúa diciendo que está interesado en comprar dicha parcela y pagarla de contado y ruega se le informe sobre el precio. En la segunda, el demandante ruega se le informe quién es que está autorizado para vender los terrenos que fueron de Dávila y la fecha en que se llevará a efecto nuevamente el remate del arrendamiento de dichos terrenos. Poco menos de dos meses después de escritas dichas cartas, se otorgó la escritura núm. 26 de abril 28, 1928, en la que sin hacer constar razón alguna para ello se cambian los linderos originales de la finca del demandante para hacerlos corresponder a los linderos de la finca del demandado. Los cambios verificados aparecen más claramente así:

LINDEROS ORIGINALES:
    Norte: Terrenos del Municipio.
    Sur:   Calle la Molina.
    Este:  Ramón Beltrán.
    Oeste: Gregoria Orza.

LINDEROS CORREGIDOS:
    Norte: Terrenos del Municipio—(32.48 metros).
    Sur:   Luis Román Beltrán, hoy Josefa Correa Acosta—(32.48 metros).
    Este:  Calle de la Molina—(70.50 metros).
    Oeste: Narciso Manescau, hoy Sucesión Elías Godreau—(70.50 metros).

LINDEROS FINCA DEL DEMANDADO:
    Norte: Terrenos del Municipio—(42.24 metros).
    Sur:   Esteban Pérez, Juana Baliñas, Pedro Chardón y Estanislao Peña—(41.378 metros).
    Este:  Calle de la Molina—(74.505 metros).
    Oeste: Narciso Manescau Navas, hoy Arturo Godreau—(74.523 metros).

Después del examen de la prueba testifical ofrecida por el demandante, convenimos con la corte inferior en que dicha prueba es a todas luces insuficiente para sostener que la finca que describe y reclama el demandante está comprendida dentro de la finca de mayor cabida que posee el demandado, cuya descripción y linderos corresponden con las constancias del Registro. (*Exhibit* 2 del demandado.) Para que la reivindicación pueda prosperar el demandante debe presentar un título superior al del demandado e identificar claramente la finca que reclama. *El Pueblo de Puerto Rico* v. *Rojas,* 53 D.P.R. 121. Y habiendo la corte sentenciadora resuelto el conflicto que resulta de la evidencia testifical a favor de la parte demandada y siendo la prueba aducida por ésta, a nuestro juicio, suficiente para sostener las alegaciones de su contestación, *procede la confirmación de la sentencia recurrida.*