Nicasio León, demandante y apelante, *v.* Eraclio Pérez, demandado y apelado.

Núm. 9756.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 8, 1948.

---

E. *Tristani, Jr.*, abogado del apelante; *Rafael Atiles Moréu*, abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Se trata de un caso de reivindicación. La corte inferior al declarar sin lugar la demanda hizo constar que " . . . la prueba del demandante deja de demostrar aquella descripción detallada de la alegada porción detentada por el demandado con expresión de las medidas lineales, rumbos, distancias y colindancias necesarias para una debida identificación de la propiedad reclamada. ... . " Así es en efecto.

La prueba del demandante, única presentada en el juicio, pues el demandado no compareció, aunque había contestado la demanda, demostró que él le compró un solar de doscientos doce mètros cuadrados a ·Felícita· Quintana por $2,400; que antes de comprar el solar estaba cercado y lo midió y le faltaban cincuenta y cinco metros y treinta y

siete centímetros cuadrados, y se lo dijo al demandado que era un colindante y éste le contestó que se lo diría a Felipe Segarra a quien él le había comprado; que al demandante le entregaron el solar cercado; que está en las mismas condiciones que cuando lo compró y que no tenía los doscientos doce metros; que él mandó a hacer un plano de su solar y del colindante del demandado y que éste último tiene cincuenta y un metros de más, según la escritura del demandado.[1] Al describir su solar la única colindancia que mencionó, el demandante fué la del lado Este.

Esta prueba es claramente insuficiente para sostener una acción reivindicatoria. El demandante admitió que antes de comprar el solar a Felícita Quintana estaba cercado y le faltaban cincuenta y cinco metros cuadrados. En lugar de aclarar la situación con la vendedora se limitó a decírselo al demandado, un colindante, y procedió a comprar el solar. No demostró el demandante que los cincuenta y cinco metros que le faltan a su solar correspondan a los cincuenta y un metros cuadrados que, según el ingeniero que hizo el plano, tiene de más el solar del demandado. En la preparación del plano no intervino para nada el demandado y aun cuando fuera admitido en evidencia, no constituye prueba suficiente para establecer el título del demandante, *Matienzo* v. *Cancio et al.*, 23 D.P.R. 269; *Ubarri* v. *Calaf*, 44 D.P.R. 306, habiéndose resuelto en este último, además, y citamos del sumario, que "Del mero hecho que un propietario contiguo posea un terreno en exceso del área especificada en sus escrituras no se desprende que el dueño de parcelas colindantes que demuestren menor cabida en el área total tenga derecho a recobrar de él el exceso."

En el caso de autos ni siquiera se presentó en evidencia la escritura relacionada con el solar del demandado, sino que es el ingeniero quien a ella hace referencia en el plano. Tampoco hubo prueba de que Felícita Quintana al venderle

---

[1] Esa escritura no fué presentada en evidencia.

el solar al demandante estuviera en posesión de los cincuenta y cinco metros cuadrados que reclama el demandante. Por el contrario, la prueba demostró que no lo estaba, pues el demandante compró el solar cercado. Aun cuando aceptáramos que el solar colindante del demandado tiene un exceso en cabida, ese hecho, por sí solo, no es suficiente para concederle al demandante derecho a reivindicarlo a base de la prueba que presentó en este caso. *Capó* v. *Romaní*, 45 D.P.R. 857.

■■ No cometió la corte inferior los errores primero, segundo y cuarto, señalados por el apelante y que se refieren, en distinta forma, a la apreciación de la prueba, y tampoco el tercero, pues al condenar al demandante al pago de las costas, cumplió con el artículo 327 del Código de Enjuiciamiento Civil, según enmendado por la Ley núm. 94 de 11 de mayo de 1937 (Leyes de 1936–37, pág. 239), y nada encontramos en el récord que justifique que intervengamos con su discreción al condenar al demandante al pago de $50 en concepto de honorarios de abogado, ya que los hechos probados demuestran que actuó con temeridad al iniciar esta acción.

*Debe confirmarse la sentencia.*

El Juez Asociado Sr. De Jesús no intervino.