CARMEN MARÍA SEVILLA ET ALS., demandantes y apelados, *v.* COMPAÑÍA AZUCARERA DEL TOA y MARÍA LUISA SEVILLA Y GARCÍA, demandadas y apelante la primera.

Núm. 9590.—*Sometido:* Abril 8, 1948. *Resuelto:* Julio 23, 1948.

*Gaspar Rivera Cestero,* abogado de la apelante; *José López Baralt, Leopoldo Santiago Carmona, Benjamín Ortiz* y *Álvaro Ortiz,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En 1941 los apelados iniciaron una acción contra la Compañía Azucarera del Toa, ante la Corte de Distrito de Bayamón, para reivindicar una finca de treinta cuerdas que alegaban estaba localizada en el barrio Campanillas del Municipio de Toa Baja.

En apoyo de su reclamación, los apelados alegaron que esta finca perteneció a sus causantes y fué inscrita a su favor en virtud de expediente posesorio iniciado el 27 de febrero de 1900, resuelto el mismo día e inscrito el 22 de marzo siguiente; que en 1905 la finca fué arrendada a Juan Vilá, quien la poseyó hasta 1917 ó 1918, fecha en que la demandada

ilegalmente tomó posesión de la misma, negándose a restituirla a pesar de los requerimientos que a ese efecto le hicieron algunos de los demandantes.

La demandada alegó en contrario que en 1917 compró de María Josefa Fabián una finca de 449 cuerdas sita en el barrio Campanillas, que había sido adquirida de Cándido García Cobián en 1901 por justos títulos debidamente inscritos en el registro; que luego de estar en posesión el señor García Cobián de la referida finca, éste desalojó a los causantes de los demandantes de treinta cuerdas que ocupaban de la referida finca y que desde entonces no han estado en posesión de terreno alguno de dicha finca de cuatrocientas cuarenta y nueve cuerdas la que pertenece ahora en su totalidad a la Autoridad de Tierras.

La Corte de Distrito dictó sentencia, a favor de los demandantes, y las demandadas han instado recurso de apelación. En apoyo de su recurso señalan varios errores. Procederemos primeramente a discutir uno de ellos, ya que de prosperar éste, procedería la revocación de la sentencia, haciendo innecesaria la consideración de los restantes.

■■ Las demandadas señalan como error el no haber la corte de distrito resuelto que los demandantes nunca identificaron la finca que reclamaban. La doctrina invocada por ellas es como sigue: "... para que la acción reivindicatoria pueda ejercitarse con éxito precisa que el demandante justifique, no sólo el derecho con que pide la cosa detentada, sino la identidad de la cosa misma. . . ." *Monje* v. *Osorio*, 42 D.P.R. 146, 150.

Pasemos a un examen de la demanda y de la evidencia presentada con miras a determinar si en este caso se ha cumplido con la regla antes expuesta. La finca cuya reivindicación solicitan los demandantes aparece descrita en la demanda así:

"Terreno con una casa, en el barrio Media Luna de Toa Baja, en el sitio Campanillas, de Toa Baja, con una extensión de treinta

cuerdas, equivalentes a once hectáreas, setenta y nueve áreas y doce centiáreas, colindando por el Norte con la Hacienda Campanillas; por el Sur, y por el Este con la sucesión de don José María San Juan; por el Oeste con el caño Campanillas, José Romualdo García, José Nevares Landrón hoy su sucesión y la sucesión de Jorge Hernández.''

Antes de considerar la prueba ofrecida por los demandantes para identificar la finca, notamos que el terreno aquí envuelto, si no forma parte integrante de la finca de mayor cabida que poseía la demandada en aquel sitio, por lo menos colinda con ella. En consecuencia, su alegada posesión ilegal lo convirtió en un solo cuerpo como parte de la finca Campanillas. Y en casos de esta naturaleza, en que la finca en controversia se halla confundida dentro de otra, es indispensable que la descripción de la finca a ser reivindicada sea lo suficientemente clara, estableciendo con bastante precisión los rumbos y distancias, para que el márshal, al ejecutar la sentencia, pueda identificarla debidamente. *Monje* v. *Osorio,* supra; *León* v. *Pérez,* 68 D.P.R. 890; *Gerardino* v. *Pueblo,* 55 D.P.R. 895; *Torres* v. *Capital de P. R.,* 54 D.P.R. 357; *Pueblo* v. *Rojas,* 53 D.P.R. 121; *Mollá* v. *McK. Jones,* 41 D.P.R. 911; *Pérez Chanza* v. *Gerena,* 41 D.P.R. 105; *García* v. *Rivera,* 40 D.P.R. 3; *Caneja* v. *Rosales & Co.,* 19 D.P.R. 270; *Siragusa* v. *Pueblo de Puerto Rico,* 18 D.P.R. 595.[1] De no aparecer esa descripción, sería imposible ejecutar la sentencia y dar posesión al demandante de la finca que reclama: el objeto de la reivindicación no es X número de cuerdas sino un número de cuerdas específico y determinado.

El primer testigo de los demandantes fué Juan Vilá Santiago. Declaró que conoce la finca de treinta cuerdas que se trata de reivindicar, y que la misma radica en el barrio Media Luna, de Toa Baja. Primeramente declaró que colinda por el Norte con el caño Campanillas, afirmando que

---

[1] Ya en el Código de las Siete Partidas prevalecía en España esta misma regla. Tercera Partida, Título II, Ley XXV.

el caño Campanillas y la hacienda Campanillas son la misma
cosa; por el Sur con la Sucesión de José Romualdo García,
en parte y en parte, con la Sucesión Hernández; por el Este,
la finca Campanillas; y por el Oeste, con la Sucesión Her-
nández y el Caño Campanillas. Luego la Corte le preguntó
sobre el Caño y demás colindancias y dijo que por el Sur
colinda con la finca Campanilla y con José Romualdo Gar-
cía. Al preguntársele si José María San Juan colindaba
por el Este, contestó que era la finca Campanillas. Más
adelante declaró que colindaba al Sur con José Romualdo
García y la finca Campanillas. Finalmente, declaró en tal
forma que la Corte manifestó: "Y desde el primer mo-
mento las colindancias las cambió de sitio de acuerdo con
la descripción que se hace en la demanda."

No obstante, la cuestión no es si la declaración de Vilá
fué de tal naturaleza que pudiera servir para subsanar cual-
quier defecto que pudiera tener la descripción de la finca
en la demanda. Más bien su declaración demuestra de su
propia faz que la descripción que él hizo fué tan insegura
e imprecisa que el testigo obviamente no podía identificar la
finca.

Rafaela Providencia Sevilla, una de las demandantes, de-
claró que la finca de treinta cuerdas colindaba al Norte con
el caño Campanillas; al Sur con la finca Campanillas; al
Sureste, con la finca de José Romualdo García y la finca Cam-
panillas; al Este, con José María San Juan, que es la finca
Campanillas vieja; y al Oeste, en parte con el caño Cam-
panillas y la finca Hernández, de Jorge Hernández. Esta
declaración, así como la del testigo Vilá, varía las colindan-
cias que aparecen de la demanda y no ayuda en forma al-
guna a identificar con precisión el terreno en controversia.

Jenaro Vázquez Muñoz, otro de los testigos, apenas co-
nocía las colindancias, según surge de su propia declaración:
"P.—¿Qué colindancias tienen esas treinta cuerdas? R.—

¿Las colindancias? Con una finca Campanillas; el Caño; con José María San Juan; por una esquina del Caño; y allá por el poniente, con el Caño. De las otras colindancias, yo no sé; no sé mencionarlas, porque yo entraba por allí, y salía.''

El próximo testigo fué Arturo Sevilla, quien declaró como sigue: ''P.—¿Usted conoce las colindancias de esa finca de 30 cuerdas? R.—Sí, conozco algunas. Por el Este, los terrenos de Campanillas, o sea, los mismos terrenos de Jesús María San Juan. Por el Norte, con el Caño Campanillas, y después del Caño Campanillas, terrenos de la Sucesión Nevárez, hoy Fonalledas Hermanos. Al lado también de esos señores tenía terrenos José Nevárez Negrón. Por el Oeste, parte Caño Campanillas, que lo nombran. el Caño; Sucesión de Jorge Hernández; y José Romualdo García; y parte también de la finca Campanillas; y por el Sur, los terrenos de Campanillas, o sea, José María San Juan.''

Este testigo añade otras colindancias a la finca en su parte Norte y elimina otras de la parte Oeste. En resumen, su declaración, unida a las otras poco satisfactorias, lo que hace es confundir más la descripción del inmueble.

En la prueba de refutación de los demandantes, se presentó el testigo Pelegrín Nevárez para ''demostrar que esa parte de la declaración del testigo don Saturnino Hernández no se ajusta a las realidades de los hechos en cuanto a don Cándido García Cobián, a don Pepe Cestero y a don Segundo Más se refiere, que eso no es verdad.'' Al hacérsele ciertas preguntas preliminares acerca del terreno en disputa, para entonces pasar a la cuestión para la que se presentaba, enumeró las colindancias en la misma forma que aparecen en la demanda. Pero como ya hemos visto, el terreno reclamado está confundido dentro de otro y ya hemos dicho que en estos casos la mera mención de las colindancias no es suficiente, pues es indispensable una más precisa identificación.

254

La sentencia dictada por la corte de distrito contiene la misma descripción de la finca que la que se hace en la demanda, según ésta aparece copiada al principio de esta opinión. Esto refuerza nuestra conclusión de que la prueba aquí aducida no era suficiente, bajo las circunstancias de este caso, para identificar debidamente la finca aquí envuelta.

Es ineludible la conclusión que la evidencia ofrecida por los demandantes revela que sería imposible al márshal identificar la finca en controversia de tener éxito los demandantes en su pretensión. *En su consecuencia, revocaremos la sentencia apelada y dictaremos una nueva declarando sin lugar la demanda, con costas.*(²)

---

(²) Al finalizar los demandantes de presentar su prueba, las demandadas solicitaron un *nonsuit* por el fundamento de que no se había identificado la finca. Los abogados de los demandantes indicaron entonces que se proponían solicitar de la Corte una inspección ocular, cosa que nunca hicieron. Es significativo para nosotros el hecho de que dicha inspección nunca se realizara. En el caso de *Caneja* v. *Rosales & Co.*, supra, pág. 272, dijimos lo siguiente: "No se practicó ninguna inspección ocular, prueba que, aunque no necesaria, puede ser de importancia en casos de esta naturaleza, pues permite al Juez fijar sobre el terreno los datos que proporcionan las declaraciones de los testigos y llegar a conclusiones más ciertas y seguras sobre los hechos controvertidos."