Gilberto Gierbolini, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Presbyterian Community Hospital, Inc. (el Hospital) apela la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 16 de mayo de 1997. Mediante dicha sentencia, el tribunal a quo declaró Con Lugar una moción de desestimación presentada por el Centro Tomográfico de Puerto Rico, Inc. El tribunal concluyó que carecía de jurisdicción sobre la materia para atender el caso y que la parte aquí apelante incurrió en temeridad, por lo que le impuso el pago de honorarios de abogado.
El 19 de junio de 1997, Presbyterian presentó ante este Tribunal apelación y solicita la revocación de la sentencia emitida. El 7 de agosto de 1997, el Centro Tomográfico de Puerto Rico, Inc. (el Centro) presentó su escrito de oposición a la apelación. Luego de estudiar y analizar los documentos sometidos y el derecho aplicable, procedemos a CONFIRMAR la sentencia emitida.
I
Presbyterian y el Centro otorgaron un contrato de arrendamiento sobre un local dentro de las facilidades del Hospital para que el Centro proveyera servicios de tomografía computadorizada. Para el año 1997, el Centro presentó ante la Corte de Quiebras una solicitud de quiebra bajo las *635 disposiciones del Capítulo 11 de la Ley de Quiebras Federal.
El 15 de abril de 1997, el Hospital presentó demanda en el Tribunal de Primera Instancia y solicitó sentencia declaratoria, injunction preliminar y entredicho provisional. El Hospital requirió del tribunal el determinar que no existía contrato entre éste y el Centro; que el Centro debía desalojar el local que ocupaba; que el Centro era poseedor de mala fe; y que debía pagar los aumentos periódicos de canon de arrendamiento desde diciembre de 1990 hasta marzo de 1997. Además, el Hospital solicitó le fuera prohibido al Centro utilizar en sus facilidades médicos y dentistas que no fueran parte de la facultad médica del Hospital.
El 17 de abril de 1997, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de interdicto preliminar y entredicho provisional por entender que existía un remedio ordinario en ley para obtener el remedio solicitado. Sin embargo, el tribunal señaló la celebración de una vista para el 13 de mayo de 1997, para analizar la posibilidad de conceder medidas provisionales pendiente el litigio.
El 24 de abril de 1997, el Centro presentó una moción en donde solicitó la desestimación de la demanda. El Centro alegó que el Tribunal de Primera Instancia carecía de jurisdicción debido a que la Corte de Quiebras había asumido jurisdicción sobre las controversias que instancia tenía ante sí y que existía una orden que era vinculante para las partes. En la referida orden emitida por la Corte de Quiebras, quedó establecido que estaba vigente el contrato del año 1989 y que éste contenía una cláusula que requería que en la facilidad sólo brindaran servicios los médicos de la facultad del Hospital. Además, la Corte de Quiebras ordenó que, de acuerdo al referido contrato, las partes tenían que someter las controversias entre ellos a un procedimiento de arbitraje.
El 29 de abril de 1997, Instancia emitió una orden para que el Hospital mostrara causa por la cual no debía declarar con lugar la moción en la cual le solicitaban la desestimación. El 7 de mayo de 1997, el Hospital presentó su oposición a la solicitud de desestimación. En el escrito alegó que la paralización de procedimientos ante el Tribunal de Primera Instancia no era aplicable a su caso, pues los hechos de los cuales surgen los fundamentos para la presentación de la demanda ocurrieron después del inicio de los procesos ante la Corte de Quiebras y además, su reclamación era sobre un contrato de arrendamiento de un inmueble no residencial. Además, el Hospital alegó que el Centro violentaba una cláusula del contrato de 1989 al mantener trabajando a médicos que no formaban parte de su facultad médica.
El 13 de mayo de 1997, el tribunal celebró una vista en la que recibió prueba sobre la solicitud de desestimación y la oposición a ésta. Además, durante la vista, el Centro solicitó que le fuera impuesto al Hospital el pago de honorarios de abogado.
El 16 de mayo de 1997, el Tribunal de Primera Instancia emitió sentencia y declaró Con Lugar la moción de desestimación presentada por el Centro. El tribunal concluyó que, según la Sección 362 Título 11 U.S.C.A., carecía de jurisdicción sobre este caso, ya que las controversias que le habían sido presentadas eran las que la Corte de Quiebras había considerado y existía una orden referente a estos asuntos. El Tribunal de Primera Instancia, además, concluyó que el Hospital había sido temerario al presentar la demanda, pues el tribunal carecía de jurisdicción sobre la materia y por no haber informado al tribunal sobre ciertos procesos en la Corte de Quiebras.
El 19 de junio de 1997, el Hospital solicitó ante este Tribunal la apelación de la sentencia emitida. El Hospital sostiene que el tribunal a quo erró al desestimar la demanda por falta de jurisdicción, ya que la Sección 362 del Código de Quiebras no es aplicable al caso de autos porque la prohibición allí dispuesta es sólo para casos en que las reclamaciones pudieron haber sido instadas contra el deudor antes de la petición de quiebras y porque dicha sección establece que toda acción referente a propiedad no-residencial no está sujeta a la paralización. Además, el Hospital señala que procede que sea emitido un injunction para prohibir al Centro que continúe brindando servicios con médicos que no son parte de la facultad médica del Hospital. Por último, alega que el tribunal no debió imponerle el pago de honorarios.
El 7 de agosto de 1997, el Centro compareció ante nosotros y sostiene que el tribunal con *636 jurisdicción sobre el caso es la Corte de Quiebras y que el Hospital fue temerario al instar la acción en su contra aún cuando la falta de jurisdicción sobre la materia era clara.
II
La Sección 362, Título 11 U.S.C.A., establece en lo pertinente lo siguiente:

"...the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the cause under this title, or to recover a claim against that debtor that arose before the commencement of the case under this title...

Vemos que la citada sección señala la paralización automática del comienzo o continuación de todas las acciones judiciales o administrativas en contra del deudor que pudieron haber sido comenzadas antes del caso de quiebras. Una vez la Corte de Quiebras ha asumido jurisdicción sobre el caso del deudor, cualquier asunto referente de interés o relacionado con éste únicamente podrá ser considerado por dicha corte.
Según la Sección 362 inciso (f) Título 11 U.S.C.A., la Corte de Quiebras deberá determinar en primer lugar si la acción a comenzar o continuar contra el deudor puede proceder y ser dilucidada en un tribunal local.
En el presente caso, el Hospital alega que la disposición de paralización contenida en la Sección 362 no es aplicable porque los actos en que están fundamentados sus reclamos surgieron con posterioridad a la presentación del caso de quiebra. Sin embargo, del análisis del expediente surge que la Corte de Quiebras tiene ante su consideración las cuestiones qué el aquí apelante pretendió frieran resueltas por el Tribunal de Primera Instancia y las cuales vuelve a señalar ante nos. Tanto la validez y vigencia del contrato de 1989 como el hecho de que el Centro esté brindando servicios con médicos que no son parte de la facultad del Hospital fueron cuestiones atendidas por la Corte de Quiebras. Esto es lo que nos priva como foro judicial local de jurisdicción sobre el asunto. Independientemente de que existan o pudieran existir actos realizados por el Centro posteriores a la presentación del caso de quiebra, si los alegados actos posteriores están estrechamente relacionados a las cuestiones sobre las cuales la Corte de Quiebras asumió jurisdicción, nos vemos impedidos de atender tales controversias salvo que la Corte de Quiebras entienda es posible y expresamente permita la intervención de un tribunal del foro local.
m
La Regla 44.1 de las de Procedimiento Civil, 32 L.P.R.A. Título 32 Apéndice III Regla 44.1, establece que los tribunales deberán imponer en su sentencia el pago de una suma por concepto de honorarios de abogado en todo caso en que la parte haya procedido con temeridad o frivolidad. La imposición de honorarios por temeridad es un ejercicio dentro de la discreción del tribunal. El Tribunal Supremo ha señalado que "la acción que amerita la condena de honorarios de abogado es cualquiera que se pudo evitar, que lo prolongue innecesariamente, o que produzca la necesidad de que otra parte incurra en gestiones evitables," Fernández v. San Juan Cement Co. Inc., 118 D.P.R. 713 (1987).
El Tribunal de Primera Instancia entendió que el Hospital actuó con temeridad al presentar la demanda aún cuando era clara la falta de jurisdicción sobre la materia y al no informarle sobre ciertos procesos en la Corte de Quiebras. El tribunal a quo no abusó de su discreción al actuar y decidir como lo hizo.
IV
Por los fundamentos antes expuestos, procedemos a CONFIRMAR la sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General