Ortiz Carrión, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El señor Luis R. Morales Matos y su esposa, la señora Teófila Díaz, apelan de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao, en la cual se declaró con lugar una reconvención en *603 la cual el señor Juan Morales Flores solicitó la reivindicación de parte de una finca de su propiedad alegadamente ocupada por una edificación construida por ellos. Apelan, además, la decisión del tribunal a quo de imponerles el pago de una indemnización en daños y honorarios de abogado por haber presentado una demanda frívola. 
Los esposos Morales Díaz plantean que el tribunal apelado erró al determinar que parte de las obras de construcción que fueron añadidas a la estructura de su residencia ocupan terrenos propiedad del señor Morales Flores; y al imponerle el pago de daños y honorarios de abogado. Para dilucidar este planteamiento, conviene hacer una breve relación de los antecedentes procesales del pleito y de las determinaciones de hecho del tribunal apelado.
I
El 7 de abril de 1987, los esposos Morales Díaz adquirieron una finca sita en el Barrio Güayabota de Yabucoa. En la escritura de compraventa se establece que la finca tenía una cabida de 772.63 metros cuadrados. Posteriormente, el agrimensor Martín Espinosa Díaz hizo una mensura que arrojó una cabida inferior. Entendiendo que la cabida que faltaba estaba en posesión del señor Morales Flores, vecino de su colindancia oeste, y luego de reclamarle verbalmente sin éxito, los esposos Morales Díaz presentaron una acción de reivindicación que dio origen al presente caso. El señor Morales Flores contestó la demanda negando las alegaciones, y presentó una reconvención en la que alegó que eran los esposos Morales Díaz quienes ocupaban terrenos de su propiedad, y reclamó una indemnización por los daños y perjuicios sufridos.
Durante el juicio, luego de presentar su prueba, los esposos Morales Díaz solicitaron el desistimiento de su acción. El tribunal aceptó la solicitud continuándose los procedimientos en lo concerniente a la reconvención presentada por el señor Morales Flores, los cuales incluyeron una inspección ocular de la colindancia en controversia. Concluido el juicio, el tribunal apelado hizo las siguientes determinaciones de hechos:

“1. Que mediante la Escritura número once (11) otorgada en Humacao, Puerto Rico, ante la notario Luz E. Santana Peña, el día 29 de enero de 1981, el demandado Juan Morales Flores, conjuntamente con Doña María Cristina Arroyo, para ese entonces su esposa, adquirieron de los esposos Don Miguel Sánchez Lozada y Doña Irma Iris Sánchez Rivera la propiedad cuya descripción es la siguiente:

RUSTICA: PREDIO DE TERRENO RADICADO EN EL BARRIO GÜAYABOTA DEL TERMINO MUNICIPAL DE YABUCOA, CON UNA CABIDA SUPERFICIAL DE DOS MIL SEISCIENTOS NOVENTA Y CINCO PUNTO OCHENTA Y CINCO METROS CUADRADOS (2,695.84 m/c) EN LINDES POR EL NORTE, EN CUARENTA Y OCHO METROS CON CUARENTA Y SEIS CENTIMETROS (48.46) CON LA CARRETERA ESTATAL NUMERO CIENTO OCHENTA Y DOS, POR EL SUR, EN CUARENTA Y SIETE METROS CON SESENTA Y CINCO CENTIMETROS (47.65) CON LA SUCESION DE MARCOS SANCHEZ; POR EL ESTE, EN CUARENTA Y NUEVE METROS CON CUARENTA Y UN CENTIMETROS (49.41) CON TERRENOS DE LUIS CORDERO Y POR EL OESTE, EN SETENTA METROS (70.00) CON MAS TERRENOS DE LOS ESPOSOS SANCHEZ.

EDIFICIO COMERCIAL DE DOS PLANTAS CONSTRUIDO EN BLOQUES Y HORMIGON, CON TORTA DE HORMIGON Y PISOS PULIDOS DE TERRAZO. LA PRIMERA PLANTA, QUE ES UN SOTANO, SE USA COMO GARAJE Y LA SEGUNDA PLANTA ES USADA COMO ALMACEN.

INSCRITA AL FOLIO CIENTO OCHENTA Y CINCO DEL TOMO CIENTO CUARENTA Y NUEVE DE YABUCOA, FINCA NUMERO NUEVE MIL OCHOCIENTOS NOVENTA Y NUEVE.

*604 2. Que mediante la Escritura número doce (12) de compraventa, otorgada el 9 de abril de 1987, ante el notario Carmelo Cosme Dávila, los demandantes adquirieron de los esposos Sr. Luis Cordero Rodríguez y Sra. Raquel Vasallo Lozada, solar y casa que está localizada en el Bo. Guayabota de Yabucoa, cuya descripción es la siguiente:

RUSTICA: SOLAR RADICADO EN EL BO. GUAYABOTA DEL TERMINO MUNICIPAL DE YABUCOA, CON UNA CABIDA SUPERFICIAL DE SETECIENTOS SETENTA Y UN PUNTO SESENTA Y TRES METROS CUADRADOS (771.63 m/c) Y EN LINDES POR EL NORTE EN DIECISEIS PUNTO SETENTA Y CINCO METROS CON LA CARRETERA NUMERO CIENTO OCHENTA Y DOS, POR EL SUR, EN DIECIOCHO METROS (18.00 m.) CON TERRENOS DEL SEÑOR MARCOS SANCHEZ, POR EL ESTE, EN CUARENTA Y DOS PUNTO SETENTA Y DOS METROS (42.72) CON SOLAR DEL SEÑOR GREGORIO SANCHEZ Y POR EL OESTE, EN CUARENTA Y NUEVE PUNTO CUARENTA Y UN METROS (49.41 m.) CON LA FINCA PRINCIPAL DE LA CUAL SE SEGREGA.

ENCLAVA EN DICHA FINCA UNA ESTRUCTURA DE HORMIGON DEDICADA A RESIDENCIA.

INSCRITA EN EL REGISTRO DE LA PROPIEDAD AL FOLIO 181, TOMO 149, FINCA NUMERO 9,898.

3. Que las anteriores descritas propiedades colindan entre sí. La primera colinda por el este con la segunda; y ésta naturalmente por el oeste con la primera.

4. Que de la estructura de hormigón dedicada a vivienda que enclava en la propiedad de los demandantes antes descrita, su pared que da al oeste, mirándola de frente, desde la carretera 182, está construida en el lindero existente entre las dos propiedades descritas.

5. Que la parte demandante construyó a vista ciencia y paciencia de la parte demandada, una verja semi-balcón sin techar, pegada a la pared antes referida en el hecho anterior, construcción ésta que ocupa terrenos de la parte demandada.

6. Que la parte demandante radicó el presente caso en forma temeraria, siendo uno frívolo, sin fundamento, ni justificación de clase alguna, lo cual le ha ocasionado a la parte demandada angustias y sufrimientos mentales y pérdida de sueño, que han afectado sus labores diarias y ha tenido que incurrir en gastos legales innecesariamente. ”

Basándose en tales determinaciones de hecho, el tribunal apelado resolvió que la radicación temeraria de la demanda por parte de los esposos Morales Díaz le causó daños al señor Morales Flores que valoró en $1,500.00. Además condenó a los esposos Morales Díaz al pago de $1,000.00 por las costas, gastos y honorarios de abogado. Por otra parte, el tribunal apelado concluyó que si las partes interesaban concluir la controversia debían incoar la acción establecida por el artículo 297 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1164, para aquellos casos en que alguien edifica de buena fe en terreno ajeno.
II
El Artículo 319 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1211, establece el derecho de todo propietario a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes. El Tribunal Supremo de Puerto Rico señaló en Zalduondo v. Méndez Mas, 74 D.P.R. 637 (1953), que el propósito de una acción de deslinde es determinar los linderos confundidos de dos fincas contiguas. Por otra parte, el Tribunal Supremo señaló en Arce v. Díaz, 77 D.P.R. 624 (1954), que la acción reivindicatoría establecida en el Artículo 280 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1111, es una acción subsidiaria que se da *605 cuando los límites de diversos fundos contiguos se hallan ya demarcados, o cuando como consecuencia de la demarcación, hay necesidad de reivindicar terrenos que se creen usurpados. Véase, José M. Manresa y Navarro, Comentarios al Código Civil Español, Tomo 3, 8va Ed, Madrid, 1976, págs. 387-388. En su obra citada, a la pág. 394, Manresa señala que a diferencia de la acción reivindicatoría, en el deslinde no se demanda una cosa cierta y determinada, sino que, precisamente por la indeterminación de la propiedad confundida con la que le es colindante, se reclama la fijación de señales que la deslinden y hagan cesar la confusión. En cambio, para que prospere una acción reivindicatoría es obligación del demandante señalar, definir e identificar cumplidamente el terreno que pretende reivindicar, fijando con precisión su situación, cabida y linderos. Castrillo v. Maldonado, 95 D.P.R. 885 (1968). Véase también a Manresa, obra citada, págs. 200-201.
Examinado el recurso de apelación, la prueba documental presentada durante el juicio y la exposición narrativa estipulada por las partes, este Tribunal entiende que el tribunal apelado no tuvo ante sí prueba suficiente para sustentar la determinación de que los esposos Morales Díaz construyeron en terrenos propiedad del señor Morales Flores. El dictamen impugnado adolece de determinaciones específicas que precisen con exactitud la ubicación de los puntos divisorios de la colindancia de las fincas en controversia, además de la supuesta porción de terreno invadida por los esposos Morales Díaz. El caso del título presenta un cuadro de confusión en cuanto a cuál es la colindancia de las fincas en controversia; colindancia que no se llegó a establecer mediante la prueba presentada por las partes. Ante la interrogante sobre cuál es la colindancia real entre ambas fincas, el tribunal apelado debió ordenar la mensura y deslinde de las fincas conforme a los títulos de cada propietario, para así establecer su colindancia. Sólo luego de establecer la colindancia, el tribunal apelado podía hacer una determinación en cuanto a la alegada usurpación de terreno propiedad del señor Morales Flores.
El Artículo 1865 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5295, establece que la acción para solicitar el deslinde de propiedades nunca prescribe. La sentencia que se dicta en relación a una acción de deslinde no es cosa juzgada, y el hecho de que se haya efectuado el deslinde de una propiedad, no es impedimento para que se inste una nueva acción de deslinde siempre que existan nuevas causas para repetir la operación. Zayas v. Autoridad de Tierras, 73 D.P.R. 897 (1952). De tal forma, las partes en el caso del título que así lo interesen, pueden instar la correspondiente acción de deslinde de manera que se establezca la colindancia de las propiedades en controversia. Una vez establecida tal colindancia, se podrán identificar las fincas apropiadamente de forma tal que pueda proceder una acción reivindicatoría de existir la necesidad de reivindicar terrenos que puedan resultar usurpados.
Por los fundamentos anteriormente expuestos, se deja sin efecto la sentencia del Tribunal de Primera Instancia, y se dicta sentencia desestimando la reconvención presentada por el señor Juan Morales Flores.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 99 DTA 6
1. Este caso tiene su origen en una demanda de reivindicación que los esposos Morales Díaz instaron en contra del señor Morales Flores al percatarse que la cabida, de su finca, contigua a la de éste, tenía menor cabida que la que indicaba su escritura de compraventa. Posteriormente, los esposos Morales Díaz solicitaron el desistimiento de su acción el cual fue aceptado, con perjuicio, por el tribunal apelado en la sentencia aquí impugnada.